[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

No. 04-15267
Non-Argument Calendar
_____

Agency Nos. A95-233-111 & A95-233-112


CAROLINA MARTINEZ,
JAIRO CAICEDO,

                                                      Petitioners,


        versus


U.S. ATTORNEY GENERAL,

                                                      Respondent.


_____

Petition for Review of a Final Order
of the Board of Immigration Appeals

_____

(June 17, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

    Petitioners, Carolina Martinez ("Martinez") and Jairo Caicedo ("Caicedo"),

are a married couple and natives and citizens of Colombia, S.A.  Caicedo was

admitted to the United States in October 2000 as a visitor for business. Martinez was admitted in January 2001 as a visitor for pleasure. They did not leave the United States as required and, instead, filed an asylum application with the Immigration and Naturalization Service (INS") in February 2002. The INS denied the application and on March 22, 2002, referred Petitioners' case to an Immigration Judge ("IJ") for a hearing. In an oral decision issued on June 27, 2003, the IJ found Petitioners' application for asylum untimely and denied it for that reason. As an alternative ground, and as the basis for denying Petitioners' application for withholding of removal, the IJ found Petitioners' testimony, specifically Martinez's, not sufficiently detailed, consistent or believable to provide a plausible and coherent account of the basis of [Martinez's] fears and thus [insufficient] to establish her eligibility for asylum, withholding of removal, or [protection] under the Torture Convention provisions."[1] Petitioners appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On September 23, 2004, the BIA affirmed.[2]

---

[1] The IJ articulated the "inconsistencies and implausibilities in her testimony." The IJ also believed that Petitioners' actions were not those of persons fleeing persecution. For example, neither Petitioner filed an asylum application when first arriving in the United States. They returned to Columbia to attend Caicedo's father's funeral even though claiming to fear persecution, and remained there for substantial periods of time, Caicedo for two months and Martinez for five months.

[2] The BIA adopted the IJ's decision "except insofar as the [IJ] suggested that any possible threat to [Petitioners] would not have been countrywide." This exception is not material to our disposition of the instant petition for review.

Petitioners now ask us to review its decision.[3]  They contend that

1) the BIA erred in denying their asylum application.  An alien can apply for asylum if the alien "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  Immigration and Nationality Act ("INA"), 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B).  Even if the application is untimely, it may be considered if

> the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified.
> . . .

INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).  The BIA declined to consider Petitioners' application because Petitioners failed to demonstrate changed or extraordinary circumstances for its untimeliness.  Petitioners challenge that ruling here.

2) the BIA erred in finding them ineligible for withholding of removal.

---

[3]  Because Petitioners' removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA.  See Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1264 (11th Cir. 2004).  At the outset, we note that Petitioners abandoned their right to seek review of the BIA's determination that they failed to establish eligibility for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 C.F.R. § 208.16(c), by not challenging  that determination in their petition.  See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

We address Petitioners' contentions in turn.

## I.

Notwithstanding the BIA's authority to consider an untimely asylum application where the alien meets one of the exceptions to the one-year filing deadline, "no court shall have jurisdiction to review any determination of the Attorney General under section 1158(a)(2)." Mendoza v. U.S. Attorney Gen., 327 F. 3d 1283, 1286 n. 3 (11th Cir. 2003). "Any determination" under § 1158(a)(2) includes the BIA's determination that an alien failed to show changed or extraordinary circumstances to excuse an untimely filing. Mendoza, 327 F. 3d at 1287. Because Petitioners challenge to the denial of their asylum application is based on such determination, we lack jurisdiction to consider the BIA's decision denying their applications.

We consider now Petitioners' challenge to the BIA's decision that they are ineligible for withholding of removal.

## II.

An alien should not be removed to a country if his or her "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." See INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). If the alien demonstrates past persecution on account of one or more of these factors—race, religion, nationality, membership in

4

a particular social group or political opinion—he or she is presumed to have a well-founded fear of future persecution (on such basis) unless the government rebuts the presumption. 8 C.F.R § 208.16(b)(1)(i). If, however, the alien does not establish such past persecution, the alien bears the burden of showing a well-founded fear of future persecution by showing that (1) he or she fears persecution based on one or more of the above factors; (2) there is a reasonable possibility he or she will suffer such persecution if he or she returns to his or her country; and (3) he or she could not avoid such persecution by relocating to another part of the country, if under all the circumstances it would be reasonable to expect relocation. See 8 C.F.R. § 208.16(b)(2). If credible, the alien's testimony "may be sufficient to sustain the [alien's] burden of proof without corroboration." Mendoza, 327 F. 3d at 1287 (quoting 8 C.F.R. § 208.16(b)).

Here, in denying withholding of removal, the BIA adopted the IJ's decision discrediting Petitioners' claims (essentially Martinez's testimony) of past persecution. Petitioners challenge this decision. We reject their challenge because the IJ's, and thus the BIA's, decision was based on substantial evidence. Moreover, we could hardly say that a reasonable factfinder would be compelled to conclude to the contrary.

In this case, Petitioners produced other evidence to support their application for withholding of removal; yet, the BIA denied the application based solely on the

5

IJ's adverse credibility determination, i.e., without any indication that it considered such other evidence. As we have recently held, however, an "adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an alien applicant." Forgue v. U.S. Attorney Gen., 401 F. 3d 1282, 1287 (11th Cir. 2005). So that the BIA may consider that evidence, we vacate its decision and remand the case.

PETITION DISMISSED in part, DENIED in part,[4] and GRANTED in part.

---

[4] We deny the petition to the extent that Petitioner's challenge the IJ and BIA's credibility determinations.